# EXHIBIT A

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE - Personal Injury |

Melvin Earl Jacobs, Jr.,

                Plaintiff,

vs.                                         **SUMMONS**

County of Hennepin;
Scott Collins; John Doe
(whose true name is unknown);        Court File No. _____
and Jane Roe (whose true name
is unknown)

                Defendants.

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons

located at: Jordan S. Kushner, Attorney at Law, 431 South Seventh Street, Suite 2446, Minneapolis, Minnesota 55415.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: October 22, 2019          LAW OFFICE OF JORDAN S. KUSHNER

By <u>s/Jordan S. Kushner</u>
Jordan S. Kushner, ID 219307
Attorney for Plaintiff
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE - Personal Injury |

Melvin Earl Jacobs, Jr.,

            Plaintiff,

vs.

County of Hennepin;
Scott Collins; John Doe
(whose true name is unknown);

and Jane Roe (whose true name
is unknown)

            Defendants.

**COMPLAINT**

JURY TRIAL DEMANDED

Court File No. _____

Plaintiff Melvin Earl Jacobs, Jr., for his Complaint against above-named Defendants, states and alleges as follows:

### I. INTRODUCTION

1. This is an action for money damages arising out of an incident on September 13, 2015 when Plaintiff Melvin Jacobs was incarcerated at the Hennepin County Jail, and another inmate brutally assaulted Mr. Jacobs causing severe injuries. Hennepin County jail staff failed to monitor the quad where Mr. Jacobs was confined as another inmate went into Mr. Jacobs' cell trying to start a fight, and shortly thereafter a third inmate followed Mr. Jacogs down the hall, and then repeatedly struck and brutally beat Mr. Jacobs, causing multiple fractures around his face and neck. Plaintiff's causes

of action include statutory violations of 42 U.S.C. § 1983 for violations of his constitutional rights to due process, and state common law claims for negligence.

## II. THE PARTIES

2. Plaintiff Melvin Earl Jacobs, Jr. is a resident of Anoka, Anoka County, Minnesota.

3. Defendant County of Hennepin is a municipality in the State of Minnesota, and through its agents, and employees, is responsible for the actions that are the subject of this lawsuit.

4. Defendant Deputy Scott Collins was a detention deputy employed by Defendant County of Hennepin at the time of, and in connection with the incident giving rise to this case. Defendant Collins was acting within the course and scope of his employment with Defendant Hennepin County. At all times relevant hereto, Collins was acting under color of state law. Defendant Collins is being sued in his personal and official capacity.

5. Defendants John Doe and Jane Roe, whose true names are unknown, were employed by Defendant were employed by Defendant County of Hennepin at the time of, and in connection with the incident giving rise to this case. Said Defendants violated their constitutional and common law duties to protect Plaintiff's safety. Defendants Doe and Roe were acting within the course and scope of their employment with Defendant Hennepin County. At all times relevant hereto, Doe and Roe were acting

under color of state law. Defendants Doe and Roe are being sued in their personal and official capacities.

### III. FACTUAL BACKGROUND

6. On or about July 22, 2015, Plaintiff Melvin Jacobs was arrested and detained at the Hennepin County jail on a felony charge of violating a no contact order within ten years of two prior convictions. Mr. Jacobs could not afford bail and continued to be detained during the months that the court proceedings continued.

7. Mr. Jacobs did not have a history of violence, and was initially housed in a low risk unit. However, on or about September 1, 2015, jail officials moved Mr. Jacobs moved him to Quad 5B, a high risk unit with violent inmates.

8. On the late morning of September 13, 2015 another inmate came into Mr. Jacobs' cell wanting to fight. Detention deputies were responsible for monitoring actions in the quad at all times through video surveillance. Another inmate coming into Mr. Jacobs' cell was clearly a sign of danger and a violation of jail rules. However, jail staff did not respond to this incident. Defendant Collins was on duty and responsible for monitoring the quad, but did not intervene. Mr. Jacobs was able to avoid a fight.

9. Approximately five minutes later on September 13, 2015, several minutes before 11:30 am, inmate William Luckett confronted Mr. Jacobs in the hallway in the quad and challenged Mr. Jacobs to a fight. Mr. Jacobs responded by turning around and walking away towards his cell. Luckett followed Jacobs.

10. Detention deputies were responsible for monitoring inmates in the quad at all times, and should have responded to such aggressive and confrontational behavior by Luckett in order to prevent any fight from occurring. There was no response by jail staff. Defendant Collins was on duty and responsible for monitoring the quad, but did not intervene.

11. As Jacobs approached his cell, Luckett hit Jacobs from behind. Jacobs fell to the ground. Luckett then got on top of Jacobs and continually struck and or kicked Jacobs in the head for at least several minutes. Jacobs lost consciousness. There was a pool of blood on the ground. There was no response by jail staff as Luckett followed Jacobs, struck him and then got on top of him and continued to attack him.

12. Finally at approximately 11:33 am, Defendant Deputy Collins responded to the incident by going to the scene after Jacobs had been beaten for at least several minutes and was on the ground unconscious and bleeding.

13. Deputy Collins knew or should have known of Luckett's dangerous conduct towards Jacobs before the assault happened, and knew or should have known of the assaults during the several minutes that Luckett brutally beat Jacobs.

14. Upon information and belief Deputy Collins was the only guard assigned to monitor two or more quads. It was typical practice for at least two guards to monitor the area in order to ensure inmate safety, and upon information and belief, it was jail policy and procedure to have at least two guards.

15. Upon information and belief, the Hennepin County Sheriff had a custom and practice of failing to provide adequate security to protect inmates.

16. Upon information and belief, Defendant County of Hennepin violated its own procedures in failing to provide adequate security to protect Mr. Jacobs.

17. More than one hour after the attack, Mr. Jacobs was finally transported to Hennepin County Medical Center to evaluate and treat his injuries.

18. Mr. Jacobs suffered multiple fractures to his face, sinus, thyroid, and jaw. He also suffered traumatic brain injury. Surgeons needed to install eight metal plates in Mr. Jacobs' neck in order to repair his fractures.

19. After the underlying incident, Mr. Jacobs has continually suffered from head and neck pain, memory loss, and loss of vision and blurred vision in his left eye.

20. The injuries have limited Mr. Jacobs in his daily functioning. The TBI caused him to engage in harmful behavior that was not previously part of his history. He lost his ability to earn a living for several years.

21. As a result of the acts of Defendants and their agents, Plaintiff has suffered extensive damages, including but not limited to severe and permanent pain and suffering, disability, disfigurement, severe mental and emotional distress, humiliation and embarrassment, past and future medical treatment expenses, and past and future economic loss, thereby resulting in damages **in excess of** $75,000.

## IV. CAUSES OF ACTION

22. Plaintiff hereby realleges and incorporates by reference all allegations contained within Paragraphs 1 to 21 of this Complaint.

23. **COUNT 1 - VIOLATION OF 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT -- DUE PROCESS.** Defendants, acting under color of state law, deprived Plaintiff Melvin Jacobs of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of his Fourteenth Amendment right to due process as a pretrial detainee by placing him in conditions where he faced a substantial risk of serious harm, observing him in a situation where he risked serious harm, observed him suffering serious harm, and were deliberately indifferent to the substantial risk of serious harm.

24. **COUNT 2 - VIOLATIONS OF 42 U.S.C. § 1983 - FAILURE TO PROPERLY TRAIN AND SUPERVISE.** Defendant Hennepin County deprived Plaintiff Melvin Jacobs of his rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by failing to properly train and supervise their detention deputies to protect the safety of jail inmates, and thereby implicitly authorized individual Defendants to violate the rights of Plaintiff.

25. **COUNT 3 - VIOLATIONS OF 42 U.S.C. § 1983 - UNLAWFUL POLICY, PRACTICE AND CUSTOM.** Defendant County of Hennepin deprived Plaintiff Melvin Jacobs of his rights, privileges and immunities secured by the

Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by maintaining unlawful policies, customs or practices with respect to failure to proected the safety of jail inmates.

26. **COUNT 4 - NEGLIGENCE.** Defendants, individually or through their agents and employees, by their above-described actions, breached their duty to exercise a reasonable standard of care in their special duty to protect the safety of Plaintiff Melvin Jacobs, an inmate in Defendants' custody and control.

27. As a result of Defendants' above-described illegal and improper conduct, Plaintiff Melvin Jacobs has suffered the damages described in paragraph 21 of this Complaint.

## V. RELIEF REQUESTED

WHEREFORE Plaintiff prays for Judgment in his favor as follows:

1. Awarding judgment in favor of Plaintiff against the Defendants and each of them jointly and severally in an amount **in excess of** $75,000.00 as and for compensatory damages.

2. Awarding punitive damages against Defendants.

3. Awarding Plaintiff all of his costs and disbursements herein, and prejudgment interest.

4. Awarding Plaintiff reasonable attorney fees pursuant to 42 U.S.C. § 1988.

5. Such other and further relief as the Court may deem just and proper.

Dated: October 22, 2019

LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner
Jordan S. Kushner, ID 219307
Attorney for Plaintiff
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545

## ACKNOWLEDGMENT REQUIRED BY MINN. STAT. § 549.211

The Plaintiff, by his undersigned attorney, hereby acknowledges that, pursuant to Minn. Stat. § 549.211, costs, disbursements, and reasonable attorney and witness fees may be awarded
to the opposing party in this litigation.

Dated: October 22, 2019

By s/Jordan S. Kushner
Jordan S. Kushner, ID 219307
Attorney for Plaintiff