UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MELVIN EARL JACOBS, JR., | Case No. 19-CV-2879 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF HENNEPIN, SCOTT COLLINS, JOHN DOE, and JANE ROE, | |
| Defendants. | |

Jordan S. Kushner, for plaintiff.

Christiana Martenson and James W. Keeler, Jr., HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendants.

Plaintiff Melvin Earl Jacobs, Jr. was assaulted by another inmate while incarcerated at the Hennepin County Jail. Jacobs brought suit in state court alleging that defendants' failure to prevent or timely intervene in the assault was negligent under Minnesota state law and violated his federal constitutional rights. Defendants removed the case to this Court on November 12, 2019, asserting that this Court had original jurisdiction over Jacobs's federal constitutional claims and supplemental jurisdiction over Jacobs's state-law negligence claim. *See* 28 U.S.C. §§ 1331, 1367.

Defendants filed an answer and moved for judgment on the pleadings on all claims under Fed. R. Civ. P. 12(c). In an order dated March 16, 2020, the Court granted

the motion with respect to all of Jacobs's federal constitutional claims save one, and denied the motion with respect to Jacobs's state-law negligence claim.  ECF No. 22.

This matter is now before the Court on defendants' motion for summary judgment.  In Jacobs's brief in opposition to defendants' motion, Jacobs concedes that the evidence in the record does not support his remaining federal constitutional claim and argues only that he should be able to proceed to trial on his state-law negligence claim.  ECF No. 37 at 1 n.1.  Despite the fact that Jacobs is no longer pursuing a federal claim, defendants urge this Court to exercise supplemental jurisdiction over Jacobs's state-law claim.

In determining whether to exercise supplemental jurisdiction in these circumstances, courts are directed to consider the interests of judicial economy, convenience, fairness, and comity.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  "[I]n the usual case in which all federal-law claims are eliminated before trial," the balance of these factors "will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Id.*; *see also Marianist Province of the U.S. v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) ("[W]hen federal claims are resolved before trial, the normal practice is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish." (citation and quotation marks omitted)).  Nothing about the facts or circumstances of this case

distinguish it from "the usual case." Jacobs is a citizen of Minnesota who is seeking to recover from other citizens of Minnesota for their alleged negligence under Minnesota law. This claim should be decided by a Minnesota court.

The Court therefore declines to exercise supplemental jurisdiction over Jacobs's remaining state-law claim and remands this case to state court. *See* 28 U.S.C. § 1367(c)(3).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 27] is GRANTED with respect to plaintiff's individual-capacity claim against defendant Collins under 42 U.S.C. § 1983 alleging deliberate indifference, and this claim is DISMISSED WITH PREJUDICE.

2. Plaintiff's remaining negligence claim is REMANDED to Hennepin County District Court, Fourth Judicial District, State of Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 30, 2020

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge