UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MELVIN EARL JACOBS, JR.,                      Case No. 19-CV-2879 (PJS/HB)

        Plaintiff,

v.                                            ORDER

COUNTY OF HENNEPIN, SCOTT
COLLINS, JOHN DOE, and JANE ROE,

        Defendants.

       Jordan S. Kushner, for plaintiff.

       Christiana Martenson and James W. Keeler, Jr., HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendants.

       This matter is before the Court on the motion of plaintiff Melvin Earl Jacobs, Jr. for review of taxation of costs. For the reasons that follow, the motion is denied.

       Jacobs filed this civil-rights action in state court after he was assaulted by another inmate while incarcerated at the Hennepin County Jail. ECF No. 1-1. Jacobs alleged that defendants acted negligently and in violation of his federal constitutional rights in failing to prevent or timely intervene in the assault. *Id.* Defendants removed the case to this Court and moved for judgment on the pleadings. ECF Nos. 1, 13. The Court dismissed all claims except for Jacobs's state-law negligence claim and one federal constitutional claim. ECF No. 22. Following discovery, defendants moved for summary judgment. ECF No. 27. In his brief in opposition to summary judgment,

Jacobs conceded that the evidence in the record did not support his remaining federal constitutional claim, and clarified that he was seeking relief solely on the basis of his state-law negligence claim.  ECF No. 37.  In light of this concession, the Court granted summary judgment with respect to Jacobs's federal constitutional claim, declined to exercise supplemental jurisdiction over Jacobs's state-law negligence claim, and remanded that claim to state court.  ECF No. 43.

About a month after judgment was entered, defendants filed a bill of costs.  ECF No. 48.  In response, the Clerk of Court entered a cost judgment against Jacobs in the amount of $2147.00.  ECF No. 52.  Jacobs now seeks review of that cost judgment.

Under Fed. R. Civ. P. 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party."  Taxable costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Rule 54(d) establishes a presumption that a prevailing party is entitled to recover costs.  *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013).  To overcome this presumption, Jacobs must show that the cost judgment is "inequitable under the circumstances."  *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citation and quotation marks omitted).

Jacobs first argues that defendants are not entitled to costs because they are not "prevailing part[ies]" within the meaning of Rule 54(d)(1).  But just last year in

*Thompson v. Kanabec County*, the Eighth Circuit held that "[a] defendant qualifies as a 'prevailing party' under Rule 54(d) when the district court dismisses the plaintiff's federal claims and declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims." 958 F.3d 698, 709 (8th Cir. 2020) (citing *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004)). That is exactly what happened in this case.

Jacobs argues that *Thompson* is distinguishable because the plaintiff in that case originally filed her complaint in federal court. As a result, her state-law claims were dismissed without prejudice rather than remanded to state court. But as defendants point out, Jacobs's argument is undercut by the *Thompson* court's reliance on *Jefferson v. Jefferson County Public School System*—a Sixth Circuit decision holding that defendants were "prevailing part[ies]" where "all of plaintiff's federal claims" were dismissed and her remaining state-law claims were remanded to state court. 360 F.3d at 585 n.2 & 591. This Court cannot identify a compelling reason why a defendant who succeeds in getting the plaintiff's state-law claims dismissed without prejudice should be deemed a prevailing party (even though the plaintiff can refile those claims in state court), but a defendant who succeeds in getting the plaintiff's state-law claims remanded to state

court should not. Accordingly, this Court finds that defendants are "prevailing part[ies]" for purposes of Rule 54(d)(1).[1]

Jacobs next argues that the costs assessed with respect to his own deposition are excessive. The Clerk of Court assessed $1086.00 in fees associated with the transcript of Jacobs's deposition. ECF No. 52-1. This amount includes a $325.00 fee charged by the court reporter for "professional attendance." ECF No. 48-2 at 4. Jacobs challenges the $325.00 fee as "unexplained and unjustified," particularly in light of the fact that the deposition was conducted remotely. ECF No. 53 at 2. It appears, however, that the large majority of courts that have considered the question have found that a court reporter's attendance fee is part of the transcript fee itself, and therefore is taxable under 28 U.S.C. § 1920(2).[2] Jacobs provides no rationale for why the court reporter's

---

[1] *See also Head v. Medford*, 62 F.3d 351, 353, 355 (11th Cir. 1995) (finding that "defendants were the prevailing party" where court dismissed federal claims and declined to exercise supplemental jurisdiction over state-law claims in action removed from state court); *Whitley v. Indep. Sch. Dist. No. 10*, No. CIV-18-331-SLP, 2019 WL 7669147, at *1 (W.D. Okla. Nov. 7, 2019) ("The remaining negligence claim (which is in state court due to its remand from this Court) does not affect this Court's determination that Defendant is a prevailing party as to the Title IX claim, that a judgment has been entered in federal court, and that Defendant therefore is entitled to costs under Rule 54(d)(1)."); *Jochem v. PolyMedica Corp.*, No. 05-14259-CIV, 2007 WL 9702265, at *4 (S.D. Fla. Dec. 21, 2007) (finding that plaintiff was prevailing party "even though . . . one of the counts has been remanded to state court; as far as this federal case is concerned, the Plaintiff prevailed"), *Report and Recommendation adopted as modified*, 2008 WL 11407425 (S.D. Fla. Feb. 20, 2008).

[2] *See, e.g., Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727
(continued...)

-4-

attendance fee should not be considered part of the transcript fee, and his conclusory allegation that the fee is "unjustified" is insufficient to carry his burden of establishing that the fee should not be taxed against him. *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015) ("[T]he losing party . . . bears the burden of overcoming the presumption that [the prevailing party] is entitled to recover all costs allowed by § 1920.").

Jacobs also argues that the fee for the transcript of his deposition should be reduced by "at least 50%" because defendants asked irrelevant questions about his employment and personal history during his deposition. ECF No. 53 at 3. Having reviewed the transcript, the Court agrees that these topics were extensively covered. *See* ECF Nos. 31-4, 31-5. But as defendants explain, this information was relevant to Jacobs's claim for damages, which included allegations of severe and permanent pain and suffering, disability, mental and emotional distress, past and future medical

---

²(...continued)
(7th Cir. 2008) ("the separate attendance fee is properly regarded as a component of the fee for the transcript"); *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002) (per curiam) ("The court reporter's appearance fee is necessary to take a deposition. Hence, the district court correctly determined that it was permissible to tax costs for the appearance fee."); *Akkasha v. Bloomingdales, Inc.*, No. 17-22376-CIV, 2020 WL 6820876, at *2 (S.D. Fla. June 23, 2020); *Bryant v. ISHPI Info. Techs. Inc.*, No. 2:18-cv-00433-DCN, 2020 WL 1027181, at *2 (D.S.C. Mar. 3, 2020) (collecting cases); *Wheeler v. Carlton*, No. 3:06-CV-00068 GTE, 2007 WL 1020481 (E.D. Ark. Apr. 2, 2007). *But see Gyrion v. City of Chicago*, 454 F. Supp. 2d 725, 726 (N.D. Ill. 2006) ("neither court reporter attendance fees nor postage fees are recoverable" (citing *Engate, Inc. v. Esquire Deposition Servs. LLC*, No. 01 C 6204, 2006 WL 695650, at *3 (N.D. Ill. Mar. 13, 2006))).

treatment, lost wages, and an inability to work for several years. ECF No. 1-1 ¶¶ 18–21.[3]

Jacobs protests that damages were not at issue for purposes of defendants' summary-judgment motion, and thus were "not necessary to the disposition of this case." ECF No. 53 at 3. But § 1920(2) provides that transcript fees are taxable if the transcript is "necessarily obtained for use in the case." Whether a transcript meets this standard is judged at the time the deposition is taken, not with the benefit of hindsight. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) ("The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." (citation and quotation marks omitted)). The fact that defendants successfully moved for summary judgment and ultimately were not required to address Jacobs's claimed damages does not render this portion of the deposition unnecessary at the time it was taken. Accordingly, the Court declines to reduce the transcript fee for Jacobs's deposition.

---

[3]In his motion for review of taxation of costs, Jacobs suggests that in addition to his personal and employment history, defendants also asked questions on topics that were not relevant either to liability or to damages. ECF No. 53 at 3. Jacobs does not identify what those other topics were, and after reviewing Jacobs's deposition transcript, the Court finds that defendants did not engage in any line of questioning so irrelevant as to warrant a reduction in the fees assessed for the transcript. *See* ECF Nos. 31-4, 31-5.

Finally, Jacobs argues that this Court should exercise its discretion to decline to award costs because assessing costs would chill future civil-rights litigation. Jacobs's complaint alleges that he was brutally assaulted by another inmate while incarcerated at Hennepin County Jail, causing a "traumatic brain injury" and "multiple fractures to his face, sinus, thyroid, and jaw," requiring "eight metal plates" to be surgically installed in his neck. ECF No. 1-1 ¶¶ 1, 18. If costs are awarded in this case, Jacobs argues, future litigants will be chilled from asserting their rights and from pursuing remedies for serious injuries.

Congress has chosen to encourage civil-rights lawsuits in a number of ways, most notably by allowing prevailing plaintiffs to recover their attorney's fees. *See* 42 U.S.C. § 1988(b). Congress has not, however, exempted civil-rights plaintiffs from Rule 54(d)(1), and this District routinely assesses costs against civil-rights plaintiffs when the defendants prevail.[4] Jacobs is a sympathetic plaintiff, but the Court finds that, particularly in light of the relatively modest amount of costs that the Clerk of Court has

---

[4]*See, e.g., Thomas v. Bzoskie*, No. 15-CV-2197 (JRT/KMM), 2017 WL 5633094, at *1 (D. Minn. Nov. 21, 2017) (affirming cost judgment against pro se § 1983 plaintiff both because plaintiff's motion for review was untimely, and because plaintiff's arguments failed on the merits); *Porter v. McDonough*, No. 09-CV-2536 (RHK/SER), 2011 WL 821181, at *2 (D. Minn. Mar. 2, 2011) (rejecting argument of § 1983 plaintiff, who had asserted claims based on excessive use of force, that awarding costs would have a "chilling effect" on civil-rights litigation); *Delgado v. Hajicek*, No. 07-CV-2186 (RHK/RLE), 2009 WL 2366558 (D. Minn. July 30, 2009) (sustaining in part and overruling in part § 1983 plaintiff's objection to taxation of costs).

assessed, Jacobs has not carried his burden of establishing that the assessment of costs in this case is "inequitable under the circumstances." *Concord Boat Corp.*, 309 F.3d at 498.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motion for review of taxation of costs [ECF No. 53] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 11, 2021                s/Patrick J. Schiltz
                                                                  Patrick J. Schiltz
                                                                  United States District Judge